**Jang Bahadur SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 02–73789, 03–72134.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 19, 2004.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, Jang Bahadur Singh, San Jose, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Nelda C. Ackerman, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM**

Jang Bahadur Singh, a native and citizen of India, petitions for review in this consolidated case. Singh petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence. *See Salaam v. INS,* 229 F.3d 1234, 1237–38 (9th Cir.2000) (per curiam).

Substantial evidence supports the IJ's finding that Singh's story is implausible. Singh testified that his arrests by the police occurred because of the police's interest in Singh's brother, Kulbir Singh, a leader in the All India Sikh Students Federation ("AISSF"). However, Singh also testified that Kulbir Singh still resides in India, is married and has two children. The IJ found that it is implausible that the police would harass and detain the petitioner while simultaneously allowing Kulbir Singh to live his life and continue his activities with the AISSF. Because the IJ's decision was based on legitimate, ar-

ticulable findings questioning Singh's credibility and was supported by specific, cogent reasons, *Chebchoub v. INS,* 257 F.3d 1038, 1044 (9th Cir.2001), we deny the petition.

We do not consider Singh's contentions concerning eligibility for relief under the Convention Against Torture because he failed to exhaust this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Singh also petitions for review of the BIA's denial of his motion to reopen proceedings in order to apply for adjustment of status based on his marriage to a United States citizen. We review for abuse of discretion the denial of a motion to reopen. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002). Singh failed to challenge the BIA's decision that Singh's motion was untimely, and therefore the issue is deemed waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1260 (9th Cir.1996). The petition for review is denied.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Singh's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.